G. Blair McCune
Attorney at Law
425 G St., Suite 620
Anchorage, Alaska 99501-2137
Tel. (907) 644-8568
Fax (907) 644-9008
E-mail: mccune@gci.net

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No.    A02-0103-31 CR (HRH) |
| Plaintiff, | ) | |
| | ) | **AMENDED PETITION OF** |
| vs. | ) | **DEFENDANT UNDER** |
| | ) | **28 U.S.C. § 2255** |
| SANTOS A. BATISTA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      Defendant, Santos A. Batista, by counsel G. Blair McCune, Attorney at Law, files this amended petition supplementing Mr. Batista's 28 U.S.C. § 2255 motion to set aside or vacate sentence.

### A.  This Amended Petition Supplements Mr. Batista's *Pro Se* Motion to Set Aside or Vacate Sentence

      Mr. Batista filed a thorough and comprehensive *pro se* motion to set aside or vacate his sentence.[1]  Because this *pro se* motion is so complete, this amended petition is meant to act as a supplement to that motion.  A supplement is appropriate because the *pro*

---

[1] Docket No. 1185.

*se* motion is not as well organized as it could be and additional authority and argument should be brought to the attention of this court.

Undersigned counsel has also made a decision not to include or brief any allegations or arguments concerning Mr. Batista's motion to withdraw his guilty plea.[2] Counsel has consulted with Mr. Batista concerning this decision. Mr. Batista desires to maintain his motion to withdraw his guilty plea and requests that this court consider his *pro se* motion for argument and authority on that issue.

Mr. Batista also argued in his *pro se* motion that he is entitled to re-sentencing based on *Blakely v. Washington*,[3] and *United States v. Booker*.[4] Mr. Batista's sentence was imposed by this court on February 9, 2004. But as shown in Section B below, Mr. Batista filed a *pro se* appeal. This appeal was dismissed on October 29, 2004 well before *Blakely* was decided on June 24, 2004.[5] Mr. Batista has thoroughly and completely briefed this issue in his *pro se* motion.[6] Therefore, counsel will not brief this issue further.

Therefore, in the supplement, counsel will first show how Mr. Batista's § 2255 motion was timely filed, then show why Mr. Batista's former attorney was ineffective in failing to file a notice of appeal, and then show why Mr. Batista is entitled to an appeal despite the waiver of appeal provision in his plea agreement.

**B. Timeliness of § 2255 Motion**

---

[2] *See* Docket No. 1185 at 5-8, 26-28.
[3] 542 U.S. 296, 124 S.Ct. 2531 (2004).
[4] 543 U.S. 220, 125 S.Ct. 738 (2005).
[5] The Ninth Circuit mandate in the case was entered on November 22, 2004. Exh. A at 4.
[6] Docket No. 1185 at 17-25.

28 U.S.C. § 2255 contains a one-year period of limitation. The one-year period runs from the date on which the judgment of conviction becomes final. The Ninth Circuit Court of Appeals in *United States v. Garcia*,[7] held that the one-year limitations period for a federal prisoner who does not file a petition for writ of certiorari with the United States Supreme Court "begins to run when the time for filing the petition expires."[8]

In the present case, Mr. Batista filed a *pro se* appeal in the Ninth Circuit. This appeal[9] ultimately was dismissed on the Government's motion.[10] The Ninth Circuit granted the Government's order on October 29, 2004.[11] Mr. Batista had until January 27, 2005 within which to file a petition for certiorari. Mr. Batista filed his *pro se* motion to set aside or vacate on October 11, 2005. This motion was filed well before the one-year limitation date expired on January 27, 2006. Therefore, Mr. Batista's motion is timely.

### C. Mr. Batista's Former Attorney Provided Ineffective Assistance of Counsel in Failing to File a Notice of Appeal to the Ninth Circuit

In his *pro se* motion, Mr. Batista stated that he "instructed" his former attorney Mr. Hugh Fleischer to file a notice of appeal.[12] Mr. Fleischer did not file a notice of appeal. Mr. Batista also claimed that Mr. Fleischer did not consult with him about an

---

[7] 210 F.3d 1058 (9th Cir. 2000).

[8] *Id.* at 1060.

[9] *United States v. Batista*, No. 04-30204 (9th Cir. filed May 11, 2004).

[10] A copy of the Ninth Circuit General Docket sheet for this appeal is attached as Exhibit A. The docket sheet shows that the Government's motion to dismiss was granted. Exh. A at 3.

[11] Exh. A at 3.

[12] Docket No. 1185 at 9-10, 13. Undersigned counsel has only received a partial file from Mr. Fleischer. The partial file only covers the initial portions of Mr. Batista's case. The partial file does not cover the sentencing proceedings and only has a few documents covering the appeal. Counsel will continue to attempt to get a complete file from Mr.

appeal.[13]

Mr. Batista claims that Mr. Fleischer violated his right to effective assistance of counsel by failing to file a notice of appeal.[14] In his *pro se* motion, Mr. Batista cited a United States Supreme Court case, *Roe v. Flores-Ortega*.[15] This was an apt citation. *Flores-Ortega* is a leading case on ineffective assistance of counsel as it relates to failing to file a notice of appeal. The Supreme Court made holdings on both the performance prong of ineffective assistance and the prejudice prong.[16] With regard to the performance prong, the Court held as follows:

> ... counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal ... or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.[17]

With regard to the prejudice prong, the Supreme Court deviated from the normal analysis. Because filing a notice of appeal is merely a ministerial task and failure to file a notice of appeal results in the forfeiture of the preceding itself, a lower standard of prejudice was found to be appropriate. Therefore, the Court held:

---

Fleischer.

[13] Docket No. 1185 at 9-10.

[14] Effective assistance of counsel is guaranteed by the sixth amendment to the United States Constitution.

[15] 528 U.S. 470, 120 S.Ct. 1029 (2000).

[16] *Id.*, 120 S.Ct. at 1036-39. The performance and prejudice prongs are the well-known elements of an effective assistance of counsel claim. Under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), for the performance prong, a defendant must show that the former attorney's representation fell below an objective standard of reasonableness. For the prejudice prong, the defendant must show prejudice in the sense that the outcome of the preceding would have been different. *Id.*

> Accordingly, we hold that, to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.[18]

Given the fact that Mr. Batista has alleged he was not only interested in an appeal but actually instructed his former attorney to file an appeal on his behalf, both prongs of ineffective assistance of counsel[19] have been met.[20]

### D. An Appeal to the Ninth Circuit Does Not Violate the Waiver of Appeal Provision of Mr. Batista's Plea Agreement

As Mr. Batista noted in his *pro se* motion, his plea agreement contained a provision that Mr. Batista waived his right to appeal his sentence.[21] Before going further in this argument, it should first be noted that Mr. Batista's claim of ineffective assistance of counsel in Section C above does not depend on the validity or invalidity of the waiver of appeal provision in the plea agreement. As noted above, the prejudice prong of that an

---

[17] *Flores-Ortega*, 120 S.Ct. at 1036.

[18] *Id.* at 1038.

[19] Mr. Batista in his *pro se* motion alleged other instances of ineffective assistance. Mr. Batista claims that Mr. Fleischer indicated that he would be raising an entrapment defense when Mr. Batista never asserted any such defense. Mr. Batista also claims that Mr. Fleischer failed to follow his instructions to file a motion to dismiss. Further, Mr. Batista claims that Mr. Fleischer told Mr. Batista that he filed a motion to dismiss when, in fact, he did not. Docket No. 1185 at 11-14. Although it is difficult to see how any of these claims could meet the prejudice prong for ineffective assistance of counsel, Mr. Batista argues that these claims show a "pattern" of failing to perform as reasonably competent counsel. *Id.* at 11.

[20] As noted in note 10 *supra*, undersigned counsel has made numerous attempts to obtain Mr. Fleischer's files that would cover this period. It would be very important to know if Mr. Fleischer made any notes or if there is a record of telephone calls or correspondence regarding notice of appeal. Counsel will continue to attempt to obtain Mr. Fleischer's files.

[21] Docket No. 1185 at 3 and Exhibit 5 (Plea Agreement at 12-13).

ineffective assistance claim can be established without addressing the merits of any eventual appeal.

Mr. Batista argued in his *pro se* motion that the waiver of appeal provision was not enforceable. He argued that the Government failed to live up to its agreement to recommend "a sentence of imprisonment at the low end of the total adjusted guideline sentence range."[22] Therefore, Mr. Batista claimed that there was a failure of consideration, and he was excused from performing his part of the bargain to refrain from filing a sentence appeal.[23]

In addition to Mr. Batista's arguments, counsel would note that waivers of appeal are not enforceable for all purposes. In *United States v. Baramdyka*,[24] the Ninth Circuit noted as follows that:

> ... the waiver of a right to appeal may be subject to certain exceptions such as claims involving breach of the plea agreement, racial disparity in sentencing among codefendants or an illegal sentence imposed in excess of a maximum statutory penalty.

In the present case, as noted above, Mr. Batista claims that there was a breach of a plea agreement. Of course, there is no racial disparity argument raised. However, Mr. Batista did claim that the sentence fell out of the maximum range.[25]

Based on these arguments, Mr. Batista contends that he is justified in appealing his sentence to the Ninth Circuit despite the waiver of appeal provision in his

---

[22] Docket No. 1185 at 3-4

[23] *Id.*

[24] 95 F.3d 840 (9th Cir. 1996), *cert. denied*, 520 U.S. 1132 (1997).

[25] Docket No. 1185 at 6.

plea agreement.

### E. Conclusion

Based on the arguments in this amended petition and in Mr. Batista's *pro se* motion, Mr. Batista requests that this court find he was provided with ineffective assistance of counsel because of the failure of his former attorney to file a notice of appeal. He also requests that his sentence be vacated and he be re-sentenced in accordance with the remedies he requested in his *pro se* motion.

DATED at Anchorage, Alaska April 7, 2006.

RESPECTFULLY SUBMITTED,

\_\_\_\_s/ G. Blair McCune\_\_\_\_
G. BLAIR McCUNE
Attorney for Defendant
425 G St., Suite 620
Anchorage, Alaska  99501-2137
Tel. (907) 644-8568
Fax (907) 644-9008
E-mail: mccune@gci.net
Alaska Bar No. 7906037

Certification

I certify that on April 7, 2006 a copy of the foregoing
**AMENDED PETITION UNDER 28 U.S.C. § 2255**
was served electronically on:

Mr. Thomas C. Bradley
Assistant United States Attorney

And a copy was also sent by regular US mail to:

Mr. James Barkley
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK 99513-7567


\_\_\_\_s/ G. Blair McCune_____
G. Blair McCune