DEBORAH M. SMITH
Acting United States Attorney

THOMAS C. BRADLEY
JAMES BARKELEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-3699
Fax: (907) 271-1500
Email: jim.barkeley@usdoj.gov
Alaska Bar No. 8306019

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:02-cr-00103-31-HRH |
| | ) | |
| Plaintiff, | ) | **UNITED STATES' OPPOSITION** |
| | ) | **TO AMENDED PETITION OF** |
| v. | ) | **DEFENDANT UNDER 28 U.S.C. §** |
| | ) | **2255 (DKT. 1205)** |
| SANTOS A. BATISTA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW United States of America, by and through counsel, and hereby opposes

defendant's amended petition at docket 1205.

## I.    THE MOTION IS UNTIMELY & MUST BE DISMISSED

Petitioner's motion under 28 U.S.C. § 2255 was filed on October 11, 2005.

Under 28 U.S.C. § 2255, the one-year limitations period began to run on "(1) **the date**

**on which the judgment of conviction becomes final**". Emphasis added.

Judgment was entered in the district court on February 9, 2004. Notice of Appeal was filed on May 10, 2004; the appeal was dismissed by the Ninth Circuit on October 29, 2004 (dkt. 1142) for lack of jurisdiction. Under Rule 13 of the United States Supreme Court Rules, Mr. Batista had **90 days** following October 29, 2004 in which to file a petition for certiorari (or pursue rehearing). No such relief was sought. Thus, Mr. Batista's § 2255 petition, filed in October 2005, was much later than the time in late January 2005 when his conviction became final. None of the other bases (for a conviction "becoming final" under § 2255) appear to be applicable.

**II.    EVEN IF PETITIONER'S MOTION IS SOMEHOW CONSTRUED AS TIMELY, HIS APPELLATE WAIVER VIA THE PLEA AGREEMENT PRECLUDES ANY RELIEF**

Petitioner's original (October 11, 2005) Motion and the subsequent Amended Petition (April 7, 2006), taken together, argue that Petitioner's waivers of appellate rights and collateral attack as to both **conviction** and **sentence** (see Plea Agreement at 12-13; Petitioner's Exhibit 5 to October 11 Motion) are somehow unenforceable, on two grounds:

(1)    the United States "breached" the Plea Agreement; and

(2)    trial counsel Hugh Fleischer was incompetent (under Strickland).

The first argument is easily dispatched. The government did not breach the Plea Agreement, by failing to urge the Court to adopt the U.S.S.G. (low end) sentence of 87 months. The Plea Agreement advised the defendant that no safety valve or 5k1.1 departures were guaranteed (Petitioner's Exhibit 5) and that the sentence could be as high as the

statutory maximum (life) (Id.). The 10-year mandatory minimum to which the defendant was sentenced was specifically mentioned. Id. at excerpted page 17.

## III.   STRICKLAND ARGUMENT

This argument is unavailing . Petitioner complains of post-conviction (i.e., conduct of his attorney after they each reviewed and signed the Plea Agreement) conduct, alleging that Mr. Fleischer failed to file a Notice of Appeal as instructed.

Even if he had been so "instructed", the Notice would ultimately have been withdrawn or dismissed for lack of merit. There were no Blakely or Booker issues: Petitioner was sentenced to a statutory minimum 10 years, higher than the guideline calculations based upon the requisite amount of crack cocaine he admitted in the Plea Agreement (see e.g., pages 2, 22-23, all covering Counts 14 and 17). Stated in Strickland terms, there was no prejudice to Petitioner by his attorney's alleged failure to file a meritless Notice of Appeal. Thus, there is no need for an evidentiary hearing.

## IV.   CONCLUSION

The petition should be dismissed as untimely. Even if treated as timely, it should be dismissed for lack of merit. Petitioner should be held to his appellate and collateral attack waivers. Petitioner was not prejudiced by his attorney's alleged failure to pursue a frivolous direct appeal, since the defendant himself admitted the amount of cocaine base necessary for imposition of the statutory mandatory minimum sentence of ten years.

DATED this 12th day of June, 2006 in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/James Barkeley
JAMES BARKELEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-3699
Fax: (907) 271-1500
Email: jim.barkeley@usdoj.gov
Alaska Bar No. 8306019

**CERTIFICATE OF SERVICE**

I declare under penalty of perjury that a true and correct copy
of the foregoing UNITED STATES' OPPOSITION TO
AMENDED PETITION OF DEFENDANT UNDER
28 U.S.C. § 2255 (DKT. 1205) was sent electronically this
12th day of June, 2006, to:

G. Blair McCune

s/James Barkeley