G. Blair McCune
Attorney at Law
425 G St., Suite 620
Anchorage, Alaska  99501-2137
Tel. (907) 644-8568
Fax (907) 644-9008
E-mail: mccune@gci.net

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                             )<br>            Plaintiff,       )<br>                             )<br>     vs.                     )<br>                             )<br> SANTOS A. BATISTA,          )<br>                             )<br>            Defendant.       )<br>_____) | Case No.    3:02-cr-00103-31-HRH<br><br>**OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS AMENDED PETITION UNDER 28 U.S.C. § 2255** |

      Defendant, Santos A. Batista, by counsel G. Blair McCune, Attorney at Law, files this opposition to the Government's motion to dismiss Mr. Batista's amended petition under 28 U.S.C. § 2255.  On June 21, 2006, this court entered an order providing that the Government's opposition was deemed a motion to dismiss.  *Docket No.* 1222.  Mr. Batista was given until July 7, 2006 to file an opposition.  This opposition is filed pursuant to this court's June 21st order.

    **A.  Introduction**

      The Government requests that this court dismiss Mr. Batista's § 2255 motion based on untimeliness and on the merits.  *Docket Nos.* 1217 and 1223 (hereafter *Gov. Mot.*

*U.S. v. Batista*, No. 3:02-cr-00103-31-HRH
Opposition to Mot. to Dismiss
Page 1

*Dismiss*) at 3.

Mr. Batista argues in this opposition that the timeliness arguments as well as the merit arguments in his amended petition (*Docket No.* 1205, hereafter *Amended Petition*) are well taken.  This case should proceed to briefing under *D.Ak. HCR* 8.2.

### B.  Timeliness of § 2255 Motion

The Government's argument that Mr. Batista's § 2255 motion is untimely must be rejected.  The Government appears to have misread the period of limitation provision in the statute.

28 U.S.C. § 2255 provides that a motion to set aside conviction must be filed within "[a] 1-year period of limitation."  This one-year period of limitation runs, for purposes of the present case, from "the date on which the judgment of conviction becomes final."  *Id.*  Both Mr. Batista and the Government appear to agree that Mr. Batista's conviction became final 90 days after the decision of the Ninth Circuit was entered on October 29, 2004.[1]  *Gov. Mot. Dismiss* at 2; *Amended Petition* at 3.  Mr. Batista argued that the date of finality was January 27, 2005.  *Amended Petition* at 3.  The Government states that Mr. Batista's "conviction became final" sometime in "late January 2005."  *Gov. Mot. Dismiss* at 2.

But the Government went on to argue that Mr. Batista's petition "filed in October 2005, was much later than the time in late January 2005 when his conviction

---

[1] In addition to *United States v. Garcia*, 210 F.3d 1058 (9th Cir. 2000), which Mr. Batista cited in his amended petition, the United States Supreme Court in *Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 1075 (2003) held that a federal conviction becomes final for purposes of calculating the one-year period of limitation of § 2255 "when the time expires for filing a petition for certiorari ... ".

*U.S. v. Batista*, No. 3:02-cr-00103-31-HRH
Opposition to Mot. to Dismiss
Page 2

became final" and was therefore untimely. *Gov. Mot. Dismiss* at 2. It appears that the Government has not read the statute correctly. The one-year period of limitation begins to run when the conviction he comes final. If the conviction "became final," as the Government appears to concede, in "late January 2005," then Mr. Batista had until late January 2006 within which to file his § 2255 motion. Therefore, the motion was timely because the motion was filed in October 2005, well before January 2006.

The Government's motion to dismiss on timeliness grounds must be denied.

### C. Mr. Batista's Former Attorney Provided Ineffective Assistance of Counsel in Failing to File a Notice of Appeal to the Ninth Circuit

In Argument Section III "Strickland Argument," the Government appears to argue that the prejudice prong of *Strickland v. Washington*[2] is not met because, given the limitations of the Plea Agreement and general "lack of merit," any appeal that was filed would have been dismissed. *Gov. Mot. Dismiss* at 3. But this is not the correct standard for the prejudice prong.

As Mr. Batista pointed out in his amended petition, the United States Supreme Court in *Roe v. Flores-Ortega*[3] held that the prejudice prong for an ineffective assistance of counsel claim involving failure to file a notice of appeal is not whether an appeal, if filed, would have merit. Instead, the prejudice prong is as follows:

> ... to show prejudice ... a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.[4]

---

[2] 466 U.S. 668, 104 S.Ct. 2052 (1984).

[3] 528 U.S. 470, 120 S.Ct. 1029 (2000).

[4] *Id.*, 528 U.S. at 484, 120 S.Ct. at 1038.

*U.S. v. Batista*, No. 3:02-cr-00103-31-HRH
Opposition to Mot. to Dismiss
Page 3

Because Mr. Batista has alleged he was not only interested in an appeal but actually instructed his former attorney to file an appeal on his behalf,[5] both prongs of ineffective assistance of counsel have been met.

### D. An Appeal to the Ninth Circuit Does Not Violate the Waiver of Appeal Provision of Mr. Batista's Plea Agreement

Finally, the Government argued in Argument Section II of its opposition that Mr. Batista did validly waive his right to appeal in the Plea Agreement. *Gov. Mot. Dismiss* at 2-3.

First, Mr. Batista would point out that his claim of ineffective assistance of counsel, argued in the previous section, does not depend on the validity or invalidity of the waiver of appeal provision in the plea agreement. As noted above, the prejudice prong of an ineffective assistance claim can be established without addressing the merits of any eventual appeal.

Second, Mr. Batista continues to maintain that the waiver of appeal provision in the Plea Agreement was not valid. He relies on the argument and authority set out in his amended petition, including *United States v. Baramdyka*.[6] *Amended Petition* at 5-7.

### E. Conclusion

Mr. Batista continues to maintain that he was provided with ineffective assistance of counsel because of the failure of his former attorney to file a notice of appeal. He also requests that his sentence be vacated and he be re-sentenced in accordance with the remedies he requested in his *pro se* motion. This case should not be dismissed. Instead,

---

[5] *See Amended Petition* at 3.

*U.S. v. Batista*, No. 3:02-cr-00103-31-HRH
Opposition to Mot. to Dismiss
Page 4

this case should proceed to briefing under *D.Ak. HCR* 8.2.

DATED at Anchorage, Alaska July 7, 2006.

RESPECTFULLY SUBMITTED,

    s/ G. Blair McCune
G. BLAIR McCUNE
Attorney for Defendant
425 G St., Suite 620
Anchorage, Alaska  99501-2137
Tel. (907) 644-8568
Fax (907) 644-9008
E-mail: mccune@gci.net
Alaska Bar No. 7906037

Certification

I certify that on July 7, 2006 a copy of the foregoing
**REPLY TO GOVERNMENT'S OPPOSITION TO AMENDED PETITION UNDER 28 U.S.C. § 2255**
was served electronically on:

Mr. James Barkley
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK 99513-7567

    s/ G. Blair McCune
G. Blair McCune

---

[6] 95 F.3d 840 (9th Cir. 1996), *cert. denied*, 520 U.S. 1132 (1997).

*U.S. v. Batista*, No. 3:02-cr-00103-31-HRH
Opposition to Mot. to Dismiss
Page 5