# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>SANTOS A. BATISTA,<br><br>        Defendant. | 3-02-cr-00103-31-HRH-JDR<br><br>**RECOMMENDATION**<br>**REGARDING**<br>**MOTION TO DISMISS**<br>**§ 2255 MOTION**<br><br>(Docket Nos. 1217, 1223) |

      This matter is before the court to address the government's motion to dismiss, as untimely filed, defendant's motion to vacate filed pursuant to 28 U.S.C. § 2255. *See* United States' Opposition to Amended Petition arguing that the motion to vacate is untimely. Docket Nos. 1217 and 1223.[1] Batista submitted oppositions

---

[1] The government probably meant to style its second pleading as a Motion to Dismiss. At Docket No. 1222 the court directed the government to re-file its

to the motion to dismiss, Docket Nos. 1221, 1226. Upon due consideration of the pleadings and record herein the magistrate judge recommends that the motion to dismiss be DENIED.

## Procedural History

The district court's judgment was entered on February 9, 2004. A Notice of Appeal was filed on May 10, 2004 and the Appeal was dismissed by the Ninth Circuit on October 29, 2004 for lack of jurisdiction. *See* Docket No. 1142.

October 11, 2005 Batista filed a motion to set aside or vacate his sentence pursuant to 28 U.S.C. § 2255 on Docket No. 1185. Counsel was appointed for Batista who filed an Amended § 2255 Motion on April 7, 2006. Docket No. 1205. In its opposition to the amended petition the government argues that the motion is untimely under the statute of limitations and should be dismissed. Docket No. 1217, Docket No. 1223.[2] Batista filed a reply to the government's opposition to the amended petition, Docket No. 1221 and an opposition to the government's motion to dismiss amended petition under 28 U.S.C. § 2255, Docket No. 1226. These pleadings appear to be identical.

---

pleading as a motion to dismiss. The government filed its pleading at Docket No. 1223 as a motion under the CM/ECF format but failed to change the name of their document.

[2] The government's oppositions are dated June 12, 2006 and June 21, 2006, respectively. However, the pleadings appear to be identical in content.

3-02-cr-00103-31-HRH-JDR BATISTA 2255 @1223 RR Re Mtn to Dismiss.wpd    2

RR @1217, 1223 RE MOTION TO DISMISS 2255
3-02-cr-00103-31-HRH-JDR    signed by Judge John D. Roberts    7/24/2006; Page 2 of 5

## Discussion

The Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA or ACT) applies the one year period of limitation to a motion brought under 28 U.S.C. § 2255.  The statute provides that the limitation period shall run from the latest of – (1) the date on which the judgment of conviction became final; (2) the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim  or claims presented could have been discovered through the exercise of due diligence.

For purposes of this case the one year period of limitations runs from the date on which the judgment of conviction became final.  The parties agree that Batista's conviction became final ninety (90) days after the October 29, 2004 decision of the Ninth Circuit was entered on October 29, 2004.   Under Rule 13 of the United States Supreme Court Rules, Batista had ninety (90) days following October 29, 2004 within which to file a Petition for Certiorari or to pursue a rehearing before the Ninth Circuit.  No such relief was sought.  Ninety (90) days after October 29, 2004 would fall on January 27, 2005.   Batista would have one year from that

3-02-cr-00103-31-HRH-JDR BATISTA 2255 @1223 RR Re Mtn to Dismiss.wpd

3

RR @1217, 1223 RE MOTION TO DISMISS 2255
3-02-cr-00103-31-HRH-JDR    signed by Judge John D. Roberts    7/24/2006; Page 3 of 5

date (January 27, 2006) within which to file his motion to vacate under the statute of limitations. The October 11, 2005 motion to vacate was therefore timely brought within the one year period of limitations. The government appears to have miscalculated the period of limitations applicable to this case. Accordingly, the government's motion to dismiss the § 2255 motion as untimely should be denied. IT IS SO RECOMMENDED.

        DATED this 24th day of July, 2006, at Anchorage, Alaska.

        /s/ John D. Roberts
        JOHN D. ROBERTS
        United States Magistrate Judge

        Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON, Wednesday, August 16, 2006**, to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and

3-02-cr-00103-31-HRH-JDR BATISTA 2255 @1223 RR Re Mtn to Dismiss.wpd    4

RR @1217, 1223 RE MOTION TO DISMISS 2255
3-02-cr-00103-31-HRH-JDR    signed by Judge John D. Roberts    7/24/2006; Page 4 of 5

authorities in support. Response(s) to the objections shall be filed on or before **NOON, Wednesday, August 23, 2006**. The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. See <u>Hilliard v. Kincheloe</u>, 796 F.2d 308 (9th Cir. 1986).

3-02-cr-00103-31-HRH-JDR BATISTA 2255 @1223 RR Re Mtn to Dismiss.wpd          5

RR @1217, 1223 RE MOTION TO DISMISS 2255
3-02-cr-00103-31-HRH-JDR          signed by Judge John D. Roberts          7/24/2006; Page 5 of 5