G. Blair McCune
Attorney at Law
425 G St., Suite 620
Anchorage, Alaska  99501-2137
Tel. (907) 644-8568
Fax (907) 644-9008
E-mail: mccune@gci.net

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                         )<br>                           Plaintiff,       )<br>                                                         )<br>            vs.                                         )<br>                                                         )<br>SANTO A. BATISTA,                      )<br>                                                         )<br>                          Defendant.    )<br>_____) | Case No.    A02-0103-31 CR (HRH)<br><br>**OPENING BRIEF OF<br>DEFENDANT IN SUPPORT OF<br>28 U.S.C. § 2255 MOTION** |

Defendant, Santo A. Batista, by counsel G. Blair McCune, Attorney at Law, files this opening brief in support of Mr. Batista's 28 U.S.C. § 2255 motion to set aside or vacate sentence.

**A. Issues Raised in Mr. Batista's *Pro Se* Motion to Set Aside or Vacate Sentence**

**1. Introduction**

Mr. Batista filed a lengthy *pro se* motion to set aside or vacate his sentence.[1] Although the *pro se* motion is generally thorough and supported by argument and citation

---

[1] Docket No. 1185.

of appropriate authority, it is not very well organized. Additionally, undersigned counsel has decided not to brief some of the arguments contained in the *pro se* motion.

Therefore, in this section of this brief undersigned counsel will identify the specific arguments Mr. Batista is making and note whether or not undersigned counsel will brief the arguments below.

### 2. Motion to Withdraw Guilty Plea

In his *pro se* motion, Mr. Batista's made a motion to withdraw his guilty plea.[2] Although undersigned counsel has made a decision not to brief the withdrawal of plea issue, Mr. Batista desires to maintain his motion to withdraw his guilty plea and requests that this court consider his *pro se* motion for argument and authority on that issue.

This issue is briefed, for the most part, at pages 5-8 and 26-28 of the *pro se* motion. Mr. Batista also argued at pages 3-5 that the waiver of appellate and collateral attack rights contained in his plea agreement is unenforceable. Although this unenforceable waiver argument may support Mr. Batista's withdrawal of plea argument, it does not appear to be necessary. Under the terms of the plea agreement, a collateral attack based on ineffective assistance of counsel and involuntariness is permitted.[3]

As far as the grounds for withdraw of plea are concerned, Mr. Batista first argued that his plea was not knowingly and voluntarily entered (pages 5-8). Mr. Batista also argued that the Government breached the plea agreement and, therefore, that the plea agreement was void (pages 26-28).

---

[2] *See* Docket No. 1185 at 5-8, 26-28.

[3] *See* Plea Agreement at 13. The Plea Agreement is dated October 21, 2003 and was filed under seal. In this brief, counsel will only refer to "boilerplate" language in the agreement.

Mr. Batista respectfully requests that his plea of guilty be withdrawn based on the arguments set out in his *pro se* motion.

### 2. United States v. Booker Argument

Mr. Batista also argued in his *pro se* motion at pages 17-25 that he is entitled to re-sentencing based on *Blakely v. Washington*,[4] and *United States v. Booker*.[5] Undersigned counsel has decided to include additional authority on this issue.

### 3. Ineffective Assistance of Counsel in Failing to File Notice of Appeal

Undersigned counsel raised this issue in the amended petition, and will brief this issue. This issue is raised in the *pro se* motion at pages 9-14. Additional argument consisting of a summary of Mr. Batista's ineffective assistance of counsel claims pertains to this issue and is found at pages 15-16.

## B. Issues Being Briefed by Counsel

### 1. United States v. Booker Argument

Mr. Batista's sentence was imposed by this court on February 9, 2004. Mr. Batista filed a *pro se* notice of appeal on May 10, 2004. This appeal was dismissed on October 29, 2004 well before *Blakely* was decided on June 24, 2004.[6] Mr. Batista has thoroughly and completely briefed this issue in his *pro se* motion.[7] For the most part, Mr. Batista will rely on this argument. However, there is additional authority that must be brought to the attention of this court.

---

[4] 542 U.S. 296, 124 S.Ct. 2531 (2004).

[5] 543 U.S. 220, 125 S.Ct. 738 (2005).

[6] The Ninth Circuit mandate in the case was entered on November 22, 2004. Exh. A at 4.

[7] Docket No. 1185 at 17-25.

The authority that must be raised by counsel is the United States Supreme Court's grant of certiorari in *Burton v. Waddington*.[8] The writ was granted from the Ninth Circuit's opinion in *Burton v. Waddington*.[9] This grant of certiorari is an important development because if the defendant in *Burton* prevails in the Supreme Court, *United States v. Booker* and *Blakely v. Washington* may apply retroactively to Mr. Batista's §2255 motions. The defendant in *Burton* first argued that *Booker* and *Blakely* did not announce a "new rule" of constitutional law but were instead dictated by the Court's decision in *Apprendi v. New Jersey*.[10] Although this first issue most likely would not apply to Mr. Batista's case, the defendant in *Burton* also argued that *Blakely* and, by extension, *Booker*, were "watershed" rules of constitutional procedure that should be applied retroactively.[11]

Although this retroactivity issue currently is controlled by *Schardt v. Payne*,[12] if the United States Supreme Court grants the relief the defendant in *Burton* requested in his second argument, this court should apply *Booker* retroactively to Mr. Batista's case.[13]

---

[8] __ U.S. __, 126 S.Ct. 2352 (June 5, 2006).

[9] 142 Fed.Appx. 297, 2005 WL 1793351 (9th Cir. July 28, 2005).

[10] 530 U.S. 466, 120 S.Ct. 2348 (2000); *see* Petition for Writ of Certiorari in *Burton v. Waddington* at 2006 WL 1525997 *12-13.

[11] Petition for Writ of Certiorari, note 10, *supra* at 2006 WL 1525997 *14-15. Mr. Burton argued that even if his constitutional right to trial by jury was not given retroactive effect, his right to proof beyond a reasonable doubt must be applied retroactively. *Id.*

[12] 414 F.3d 1025, 1034-35 (9th Cir. 2005).

[13] Because undersigned counsel is briefing this issue, counsel is ethically obligated to note that *United States v. Booker* would not apply if the Sentencing Guidelines were applied to Mr. Batista's case as a result of a knowing and voluntary plea agreement. *See United States v. Cardenas*, 405 F.3d 1046 (9th Cir. 2005). Of course, as noted above, Mr. Batista contends that his plea was not knowingly and voluntarily entered.

### 2. Mr. Batista's Former Attorney Provided Ineffective Assistance of Counsel in Failing to File a Notice of Appeal to the Ninth Circuit

#### a. Mr. Batista's Claims

Mr. Batista argued in his amended petition his trial attorney, Mr. Hugh Fleischer, provided him with ineffective assistance of counsel by failing to file a notice of appeal. As noted in the amended petition, Mr. Batista in his *pro se* motion, stated that he "instructed" his former attorney Mr. Hugh Fleischer to file a notice of appeal.[14] Mr. Fleischer did not file a notice of appeal. Mr. Batista also claimed that Mr. Fleischer did not consult with him about an appeal.[15]

Mr. Batista continues to claim that Mr. Fleischer violated his right to effective assistance of counsel by failing to file a notice of appeal.[16] In his *pro se* motion, Mr. Batista cited a United States Supreme Court case, *Roe v. Flores-Ortega*.[17] This was a citation to controlling authority. *Flores-Ortega* is a leading case on ineffective assistance of counsel as it relates to failing to file a notice of appeal. The Supreme Court made holdings on both the performance prong of ineffective assistance and the prejudice prong.[18]

With regard to the performance prong, the Court held as follows:

---

[14] Docket No. 1185 at 9-10, 13.

[15] Docket No. 1185 at 9-10.

[16] Effective assistance of counsel is guaranteed by the sixth amendment to the United States Constitution.

[17] 528 U.S. 470, 120 S.Ct. 1029 (2000).

[18] *Id.*, 120 S.Ct. at 1036-39. The performance and prejudice prongs are the well-known elements of an effective assistance of counsel claim. Under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), for the performance prong, a defendant must show that the former attorney's representation fell below an objective standard of reasonableness. For the prejudice prong, the defendant must show prejudice in the sense that the outcome of the preceding would have been different. *Id.*

> ... counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal ... or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.[19]

With regard to the prejudice prong, the Supreme Court deviated from the normal analysis. Because filing a notice of appeal is merely a ministerial task and failure to file a notice of appeal results in the forfeiture of the preceding itself, a lower standard of prejudice was found to be appropriate. Therefore, the Court held:

> Accordingly, we hold that, to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.[20]

Given the fact that Mr. Batista has alleged he was not only interested in an appeal but actually instructed his former attorney to file an appeal on his behalf, both prongs of ineffective assistance of counsel[21] have been met.

### b. Information From Mr. Fleischer's Files and Additional Information and Argument Concerning Mr. Fleischer's Failure to File a Notice of Appeal

As set out in the amended petition, Mr. Fleischer for some time was not able

---

[19] *Flores-Ortega*, 120 S.Ct. at 1036.

[20] *Id.* at 1038.

[21] Mr. Batista alleged other instances of ineffective assistance in his *pro se* motion. Mr. Batista claims that Mr. Fleischer indicated that he would be raising an entrapment defense when Mr. Batista never asserted any such defense. Mr. Batista also claims that Mr. Fleischer failed to follow his instructions to file a motion to dismiss. Further, Mr. Batista claims that Mr. Fleischer told Mr. Batista that he filed a motion to dismiss when, in fact, he did not. Docket No. 1185 at 11-14. Although it is difficult to see how any of these claims could meet the prejudice prong for ineffective assistance of counsel, Mr. Batista argues that these claims show a "pattern" of failing to perform as reasonably competent counsel. *Id.* at 11.

to locate the portions of his file relating to sentencing and appeal. However, Mr. Fleischer was recently able to locate the missing portions of the file, and, on November 2, 2006, Mr. Fleischer provided undersigned counsel with the missing portions.

Undersigned counsel has reviewed Mr. Fleischer's entire file carefully. Counsel has attached portions of the file as exhibits to this brief. But, before going in to the exhibits, it is important to note what the file does not contain. Counsel did not discover any letter from Mr. Fleischer to Mr. Batista explaining his right to appeal. Nor were there any notes of interviews or conferences with Mr. Batista subsequent to Mr. Batista's sentencing on February 5, 2004. In particular, there were no notations at all in the file that Mr. Batista was advised he had a right to appeal.

Although Mr. Fleischer's failure to file a notice of appeal may be superficially understandable because Mr. Batista purported to waive his right to appeal in his plea agreement with the Government,[22] nonetheless, Mr. Batista had a right to appeal despite this waiver.

Mr. Batista argued in his *pro se* motion that the waiver of appeal provision was not enforceable. He argued that the Government failed to live up to its agreement to recommend "a sentence of imprisonment at the low end of the total adjusted guideline sentence range."[23] Therefore, Mr. Batista claimed that there was a failure of consideration, and he was excused from performing his part of the bargain to refrain from filing a sentence appeal.[24]

---

[22] Docket No. 1185 at 3 and Exhibit 5 (Plea Agreement at 12-13).
[23] Docket No. 1185 at 3-4
[24] *Id.*

In *United States v. Baramdyka*,[25] the Ninth Circuit noted as follows that:

> ... the waiver of a right to appeal may be subject to certain exceptions such as claims involving breach of the plea agreement, racial disparity in sentencing among codefendants or an illegal sentence imposed in excess of a maximum statutory penalty.

In the present case, as noted above, Mr. Batista claims that there was a breach of a plea agreement. Admittedly, there is no racial disparity argument raised. However, Mr. Batista did claim that the sentence fell out of the maximum range.[26]

Therefore, the waiver of right to appeal in the plea agreement did not conclusively terminate Mr. Batista's right to appeal. Even though Mr. Fleischer may, understandably, have believed that Mr. Batista's chances of success on appeal were considerably diminished because of the waiver in the plea agreement, this belief did not justify Mr. Fleischer's failure to file the notice of appeal.

As far as the exhibits are concerned, Exhibit A consists of a page from Mr. Fleischer's billing records, page 6 of the out-of-court hourly worksheet. Page 6 indicates that Mr. Fleischer conferenced with Mr. Batista the day before his sentencing, February 4, 2004. Of course, Mr. Fleischer represented Mr. Batista at the lengthy sentencing hearing on February 5, 2004. But there is no indication that Mr. Fleischer conferenced with Mr. Batista after the sentencing. In fact, the last out-of-court work Mr. Fleischer did was to review the judgment on February 10, 2004. No doubt, Mr. Fleischer mailed Mr. Batista a copy of the judgment after reviewing it.

The next exhibit, Exhibit B, is a note Mr. Batista provided counsel. Mr.

---

[25] 95 F.3d 840 (9th Cir. 1996), *cert. denied*, 520 U.S. 1132 (1997).

Batista states that this note from Mr. Fleischer dated February 10, 2004 was enclosed with a copy of the judgment. Mr. Fleischer did not mention a right to appeal in this note.

Exhibit C is a copy of a letter Mr. Batista sent to the Ninth Circuit clerk of court. Mr. Batista claimed in the letter that he informed Mr. Fleischer of his "desire to file a notice of appeal." The letter also contains a request for appointment of new counsel.

The Ninth Circuit entered an order directing Mr. Fleischer to file a response to the letter. Exhibit D is Mr. Fleischer's response to Mr. Batista's letter. Mr. Fleischer does not address directly Mr. Batista's allegation that he requested Mr. Fleischer to file a notice of appeal. Mr. Fleischer reviewed the efforts he had made on Mr. Batista's behalf at sentencing. Finally, Mr. Fleischer's response states that Mr. Batista told Mr. Fleischer at sentencing that he knew Mr. Fleischer had done everything possible for him and he appreciated the representation. This response is certainly inconclusive concerning Mr. Batista's current allegation that he requested Mr. Fleischer to file a notice of appeal and that Mr. Fleischer did not inform him of his right to appeal.

Finally, Exhibit E is the Ninth Circuit order dismissing the appeal. However, the Ninth Circuit notes that Mr. Batista's right to bring an ineffective assistance of counsel claim under §2255 is not precluded.

Based on the additional information from Mr. Fleischer's file and the February 10, 2004 note provided by Mr. Batista, there is absolutely nothing in Mr. Fleischer's file to contradict Mr. Batista's claim that he instructed Mr. Fleischer to file a notice of appeal and that Mr. Fleischer did not inform him of his right to appeal. Based on

---

[26] Docket No. 1185 at 6.

*Roe v. Flores-Ortega* and the other authority set out above, Mr. Batista has made a prima facie case of ineffective assistance of counsel on the part of Mr. Fleischer for failing to file a notice of appeal.

### E.  Conclusion

Based on the arguments in this brief and in Mr. Batista's *pro se* motion, Mr. Batista requests that this court find he was provided with ineffective assistance of counsel because of the failure of his former attorney to file a notice of appeal.  He also requests that his sentence be vacated, his plea he withdrawn, and he be re-sentenced in accordance with the remedies he requested in his *pro se* motion.

DATED at Anchorage, Alaska November 13, 2006.

RESPECTFULLY SUBMITTED,

\_\_\_\_s/ G. Blair McCune\_\_\_\_
G. BLAIR McCUNE
Attorney for Defendant
425 G St., Suite 620
Anchorage, Alaska  99501-2137
Tel. (907) 644-8568
Fax (907) 644-9008
E-mail: mccune@gci.net
Alaska Bar No. 7906037

Certification

I certify that on November 13, 2006 a copy of the foregoing
**Opening Brief of Defendant in Support of 28 U.S.C. § 2255 Motion**
and the attached exhibits were served electronically on:

Mr. James Barkley
Assistant United States Attorney


\_\_\_\_s/ G. Blair McCune_____
G. Blair McCune