G. Blair McCune
Attorney at Law
425 G St., Suite 620
Anchorage, Alaska  99501-2137
Tel. (907) 644-8568
Fax (907) 644-9008
E-mail: mccune@gci.net

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SANTO A. BATISTA, )<br>)<br>Defendant. )<br>) | Case No.    A02-0103-31 CR (HRH)<br><br>**REPLY BRIEF OF**<br>**DEFENDANT IN SUPPORT OF**<br>**28 U.S.C. § 2255 MOTION** |

      Defendant, Santo A. Batista, by counsel G. Blair McCune, Attorney at Law, files this reply brief in support of Mr. Batista's 28 U.S.C. § 2255 motion to set aside or vacate sentence.[1]

    **A.  Introduction**

      This reply is filed in response to the Government's Answering Brief filed on December 4, 2006.  *Docket No.* 1270 (hereafter, Government's Brief or *Gov. Br.*).  The majority of the Government's Brief addresses the points raised solely in Mr. Batista's *pro se* motion to

---

[1] Defendant filed a motion for extension of time for his opening brief and this reply, but that motion has not been ruled on yet.  Therefore, this reply is being filed on December 15, 2006 as ordered in the original briefing schedule.  *Docket No.* 1235.

vacate. *Gov. Br.* at 1-23 (Mr. Batista's *pro se* motion is found at *Docket No.* 1185). Although counsel noted that Mr. Batista did not abandon any of these points, counsel made a decision not to brief most of them. *See Docket No.* 1252 at 1-2 (Defendant's Opening Brief; hereafter, Defendant's Brief or *Def. Br.*).

The issue counsel did brief was ineffective assistance of Mr. Batista's former attorney in failing to file a notice of appeal.[2] The only argument section in the Government's Brief that directly addresses the notice of appeal issue is found at pages 23 and 24. In this reply, counsel will address the Government's argument on pages 23 and 24 and will also address factual matters that relate to that issue.[3] Because factual matters are in dispute, counsel has attached as Exhibit A an affidavit from Mr. Hugh Fleischer, Mr. Batista's former attorney.

### B. Ineffective Assistance in Failing to File Notice of Appeal

#### 1. Legal Standards

Both the Government and Mr. Batista agree that the pertinent legal authority to decide the notice of appeal issue is the United States Supreme Court's decision in *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029 (2000). *Gov. Br.* at 23; *Def. Br.* at 5. The Government appears to argue that a case for ineffective assistance of counsel cannot be made because Mr. Batista waived his right to appeal in his plea agreement. *Gov. Br.* at 15-18, 23-24. But the Court in *Flores-Ortega* rejected any such limitation on notice of appeal ineffective assistance.

---

[2] Counsel also provided additional authority on Mr. Batista's *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005) claim. *Def. Br.* at 3-4.

[3] Counsel has mailed a copy of the Government's Brief to Mr. Batista. Mr. Batista is incarcerated at the federal correctional center at Fort Dix, New Jersey. Unfortunately, when counsel last spoke to Mr. Batista on December 13, 2006 he had not received his copy of the brief. If further briefing is warranted after consulting with Mr. Batista, counsel will move to submit a supplemental reply brief.

In *Flores-Ortega* the Court noted "[w]e have long held that a lawyer who disregards *specific instructions* from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.*, 528 U.S. at 477, 120 S.Ct. at 1035 (emphasis added). (Conversely, if a defendant specifically instructs an attorney not to file an appeal, ineffective assistance cannot be established. *Id.*) Therefore, if Mr. Batista specifically instructed Mr. Fleischer to file a notice of appeal, Mr. Fleischer was ineffective for failing to do so regardless of the merits of the appeal.

The closer question decided in *Flores-Ortega* is, as the court framed it, whether counsel is "deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other?" *Id.* On this issue, both the Government and Mr. Batista and cited a paragraph from the *Flores-Ortega* opinion. To avoid any confusion,[4] this entire paragraph is set out as follows:

> We instead hold that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. See *id.,* at 690, 104 S.Ct. 2052 (focusing on the totality of the circumstances). Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as

---

[4] The Government notes that Mr. Batista left out a statement in parentheses in the paragraph. *Gov. Br.* at 23. Instead, Mr. Batista used an ellipsis. *Def. Br.* at 3. In its brief, the Government left out the "(2)" before "that this particular defendant ...". *Gov. Br.* at 23. To prevent any confusion, the quote above was copied verbatim from WestLaw.

> whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Id.*, 528 U.S. at 480, 120 S.Ct. at 1036.

In the first sentence of this paragraph, the Court set out two alternatives. The first alternative involves whether a "rational defendant would want to appeal." The second alternative involves whether "this particular defendant reasonably demonstrated to counsel he was interested in appealing." *Id.* The Government, understandably, focuses on the first alternative. It must be acknowledged that it does not demonstrate particularly "rational" behavior to waive a right to appeal and then seek to appeal anyway. But these are alternatives. If "this particular defendant," Mr. Batista, "reasonably demonstrated" his interest in appealing, counsel would be ineffective for failing to file a notice of appeal regardless of the rationality of the behavior.

As set out in the remainder of the paragraph, a court considering the matter must take into account whether appeal rights were waived. *Id.* But this is only one "relevant factor" in determining whether either a "rational defendant" would have wanted an appeal or whether this "particular defendant" sufficiently demonstrated interest in an appeal.

Thus, the legal questions (and answers) Mr. Batista requests that this court consider are: 1) Did Mr. Batista "specifically instruct" Mr. Fleischer to appeal? If so, Mr. Fleischer was ineffective for failing to do so. 2) If Mr. Batista did not specifically instruct Mr. Fleischer to appeal, did he nonetheless "reasonably demonstrate[.]" to Mr. Fleischer that he was "interested in appealing?" Again, if so, ineffective assistance is established. 3) If 1 or 2 above

4

do not apply, would a "rational defendant" in Mr. Batista's circumstance, have wanted to appeal? If so, ineffective assistance is established.

Of course, the answers to these questions depend on the facts this court finds.

**2. Facts**

The Government argues that there is no reason to hold an evidentiary hearing in the present case. *Gov. Br.* at 24. Mr. Batista disagrees. In his *pro se* motion, Mr. Batista alleged that he instructed Mr. Fleischer to file a notice of appeal. *Id.* at 10, 13.[5] Counsel has attached as Exhibit A an affidavit from Mr. Fleischer. In his affidavit, Mr. Fleischer indicates that, in his opinion, Mr. Batista made a knowing and voluntary waiver of appellate rights in his plea agreement and in open court. Mr. Fleischer does not remember whether Mr. Batista asked about his right to appeal after he was sentenced. But Mr. Fleischer does say that he would have informed Mr. Batista that he had waived his right to appeal. From this affidavit, Mr. Fleischer would likely have ignored instructions to appeal or a reasonable demonstration from Mr. Batista that he wanted a notice of appeal filed based on the waiver.

The Government also attached unsigned copies of a number of letters Mr. Batista sent to Mr. Fleischer. The Government emphasizes the fact that the copies do not have a signature. *Gov. Br.* at 3, 10. Counsel has found signed copies of the September 10, September 12, and September 24, 2003 letters in Mr. Fleischer's file and has attached them as Exhibit B. Most likely, the copies the Government has were unsigned because Mr. Batista (or whoever

---

[5] The Government noticed that Mr. Batista's *pro se* motion was not supported by a declaration or affidavit that the factual allegations made were true. *Gov. Br.* at 10. Frankly, counsel did not notice the lack of a declaration or affidavit. A declaration is always included in motions filed on the appropriate Alaska District Court form, AO243. As noted above, counsel will consult with Mr. Batista on this and other matters after Mr. Batista receives his copy of the Government's brief.

assisted him with the letters) only had access to carbon paper, not a copying machine.

In addition, the Government alleges that Mr. Batista's *pro se* motion was signed by someone else. *Gov. Br.* at 10. This allegation is based on Government's counsel's comparison with Mr. Batista's signature on the plea agreement. *Id.* Mr. Batista's counsel has looked at the same two signatures. To undersigned counsel the two signatures look very similar. The Government's allegation concerning the signatures should not be given any weight as the matter stands now.

Mr. Batista requests that an evidentiary hearing be set on to determine whether ineffective assistance of counsel is established.

### E.  Conclusion

Based on the arguments in the briefing and in Mr. Batista's *pro se* motion, Mr. Batista requests that this court find he was provided with ineffective assistance of counsel because of the failure of his former attorney to file a notice of appeal. He also requests that his sentence be vacated, his plea be withdrawn, and he be re-sentenced in accordance with the remedies he requested in his *pro se* motion.

DATED at Anchorage, Alaska December 15, 2006.

RESPECTFULLY SUBMITTED,

\_\_\_\_s/ G. Blair McCune\_\_\_\_
G. BLAIR McCUNE
Attorney for Defendant
425 G St., Suite 620
Anchorage, Alaska  99501-2137
Tel. (907) 644-8568
Fax (907) 644-9008
E-mail: mccune@gci.net
Alaska Bar No. 7906037

Certification

I certify that on December 15, 2006 a copy of the foregoing
**Reply Brief of Defendant in Support of 28 U.S.C. § 2255 Motion**
and the attached exhibits were served electronically on:

Mr. James Barkley
Assistant United States Attorney


_____s/ G. Blair McCune_____
G. Blair McCune