G. Blair McCune
Attorney at Law
425 G St., Suite 620
Anchorage, Alaska  99501-2137
Tel. (907) 644-8568
Fax (907) 644-9008
E-mail: mccune@gci.net

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | Case No.  3:02-cr-00103-31 HRH-JDR |
| Plaintiff,   ) | |
| ) | **OBJECTIONS TO** |
| vs.   ) | **RECOMMENDATION REGARDING** |
| ) | **MOTION TO VACATE (§2255)** |
| SANTO BATISTA,   ) | |
| ) | |
| Defendant.   ) | |
| ) | |

       Defendant, Santo Batista, by counsel G. Blair McCune, Attorney at Law, files these Objections to the Magistrate Judge's Recommendation regarding Motion to Vacate (§2255).  (Docket No. 1323 "Recommendation")

**I.  INTRODUCTION**

       The Magistrate Judge's Recommendation addresses three issues raised in this 28 U.S.C. § 2255 motion.  The first issue is Mr. Batista's claim that the plea he entered was not knowing and voluntary.  (Recommendation 3-4, 22-28)  The next claim is a claim that Mr. Batista had a right to be resentenced under *United States v. Booker*, 543 U.S. 220 (2005).  (Recommendation 28-32)  Undersigned counsel did not brief or argue these issues.  Mr.

Batista did not want to abandon these issues, and, as noted above, the Magistrate Judge did consider them. Counsel will not address these issues in these Objections.

The issue that will be addressed in these Objections is the claim that Mr. Batista's former attorney, Mr. Hugh Fleischer, provided him with ineffective assistance of counsel by failing to file a notice of appeal. Mr. Batista contends that the Magistrate Judge made errors in his factual findings and also erred in interpreting the controlling case, *Roe v. Flores-Ortega*, 528 U.S. 470 (2000).

## II. FAILING TO FILE A NOTICE OF APPEAL CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL

### A. Objections Regarding Factual Findings

The Magistrate Judge correctly found that a meeting between Mr. Batista and his former attorney, Mr. Hugh Fleischer, took place in a small room shortly after the sentencing. (Recommendation 16) Mr. Batista testified that he let Mr. Fleischer know of his intention to appeal during this meeting. (Recommendation 17) The Magistrate Judge found that Mr. Batista's testimony on this point was not credible. *Id.* Although Mr. Batista must acknowledge that the court will defer to the Magistrate Judge's factual findings, Mr. Batista contends that clear errors were made in these findings.

The Magistrate Judge relied on three factors to support his finding that Mr. Batista's testimony was not credible. The first factor was that Mr. Fleischer's "practice" was to have filed a notice of appeal even if the client waived the right to appeal in a plea agreement. (Recommendation 17-18) But Mr. Fleischer had no recollection of what occurred in the small room after sentencing. (Recommendation 17) Thus, the Magistrate Judge rejected Mr. Batista's specific recollection of what went on in favor of the attorney's

testimony as to his usual "practice."  An important factor Mr. Batista believes should have been considered was that Mr. Fleischer did not make any notes of this important conversation.  Indeed, there was no note or letter in Mr. Fleischer's file concerning any post-sentencing advice Mr. Fleischer gave to Mr. Batista regarding his right to appeal.  Therefore, Mr. Fleischer did not have any means of refreshing has recollection on this critical point.

Mr. Batista contends that the Magistrate Judge erred in rejecting Mr. Batista's specific recollection in favor of Mr. Fleischer's testimony regarding his "practice."  The ordinary practice of an attorney in the situation would be to write a letter to the client regarding his appeal rights or at least make a note or memorandum that appeal rights have been explained.

The next factor the Magistrate Judge considered in evaluating Mr. Batista's credibility was that Mr. Batista could not articulate clearly exactly what he wanted to appeal.  However, it is clear that Mr. Batista very much wanted the safety valve to have applied to his case so that he would not have received the 10-year mandatory sentence.  Although Mr. Batista did not articulate clearly what he wanted to appeal, the Magistrate Judge should have found that the obvious matter he wanted to appeal was the court's findings on the safety valve.

Finally, the Magistrate Judge found that Mr. Batista's statement at the change of plea that "I am totally in agreement with this court reach[ing] the decision that has to do with my case," showed Mr. Batista understood that he waived his right to appeal and was unlikely to have wanted Mr. Fleischer to file an appeal.  (Recommendation 18)  Mr. Batista contends that this statement was not clear enough to show Mr. Batista's knowledge of the waiver.  Although Mr. Batista must acknowledge that this court found Mr. Batista

understood his waiver of his right to appeal at the change of plea hearing, the statement that Mr. Batista was "totally in agreement" with this court reaching "the decision" does not specifically refer to a right to an appeal or to have a higher court review the decision this court made.

Mr. Batista contends that the Magistrate Judge should not have rejected Mr. Batista's specific recollection of telling Mr. Fleischer of his intention to appeal in favor of Mr. Fleischer's mere testimony that it was his practice to advise clients of their right to appeal even if they waived the right in a plea agreement. Mr. Batista contends that the factors that the Magistrate Judge relied on to reject Mr. Batista's specific recollection did not support the rejection.

### B. *Roe v. Flores-Ortega*

Mr. Batista agrees that *Roe v. Flores-Ortega*, *supra*, is the controlling authority in this matter. (Recommendation 34) But Mr. Batista contends that the Magistrate Judge erred in finding that Mr. Batista did not actually request Mr. Fleischer to file a notice of appeal. As noted in the preceding section, Mr. Batista contends that the Magistrate Judge's factual findings in which Mr. Batista's specific recollection that he asked Mr. Fleischer to file an appeal were incorrect. The Magistrate Judge recognized that if Mr. Batista made such a request, Mr. Fleischer's failure to file the notice would be ineffective assistance of counsel *per se*. (Recommendation 34) Mr. Batista contends that he did make an actual request, that *per se* ineffective assistance occurred, and that this court should decide that Mr. Batista has a right to appeal based on the ineffective assistance of counsel.

Mr. Batista also argues that, under the circumstances, he presented sufficient evidence that he "reasonably demonstrated" to Mr. Fleischer that he was interested in

appealing. The Magistrate Judge correctly found that ineffective assistance of counsel would occur if Mr. Batista had "reasonably demonstrated" an interest in appealing to Mr. Fleischer. (Recommendation 35) Even if the facts do not support an actual request to appeal, Mr. Batista contends that they are sufficient to meet the less onerous standard of a reasonable demonstration of an interest in appealing.

## III.  CONCLUSION

Based on the foregoing argument, Mr. Batista respectfully requests that this court reject the Recommendation of the Magistrate Judge and find that Mr. Batista was provided ineffective assistance of counsel because of Mr. Fleischer's failure to file a notice of appeal in the present case.

DATED at Anchorage, Alaska September 17, 2007.

RESPECTFULLY SUBMITTED,

_____s/ G. Blair McCune_____
G. BLAIR McCUNE
Attorney for Defendant
425 G St., Suite 620
Anchorage, Alaska  99501-2137
Tel. (907) 644-8568
Fax (907) 644-9008
E-mail: mccune@gci.net
Alaska Bar No. 7906037

Certification
I certify that on September 17, 2007 a copy of the foregoing
**OBJECTIONS TO RECOMMENDATION REGARDING
MOTION TO VACATE (§2255)**
was served electronically on:

Mr. Thomas C. Bradley
Assistant United States Attorney


_____s/ G. Blair McCune_____
G. Blair McCune