IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
UNITED STATES OF AMERICA,       )
                                )
                Plaintiff,      )
                                )
     vs.                        )
                                )
VICENTE ZAPATA, et al.,         )
                                )
                Defendants.     )
_____)
                                )   No. 3:02-cr-0103-HRH
This Order pertains to:         )
                                )
SANTO BATISTA,        [D-31]    )
_____)
```

O R D E R

Motion to Vacate[1]

Defendant Santo Batista moves to set aside or vacate his sentence pursuant to 28 U.S.C. § 2255. After its motion to dismiss was denied,[2] the Government opposed defendant's motion on the merits. An evidentiary hearing was conducted before the assigned magistrate judge, and the motion was fully briefed by the parties.

After due consideration of the entire record before him, the assigned magistrate judge circulated a recommendation that the

---

[1]Docket Nos. 1185 & 1205. The first petition was filed pro se, the amended petition was filed by counsel.

[2]Order (Sept. 11, 2006), Docket No. 1230.

- 1 -

motion to vacate be denied.[3]  Provision was made for the filing of objections.  Objections were filed by defendant,[4] and a final report and recommendation was served and filed by the assigned magistrate judge.[5]

The court has now completed its review of the entire record, which includes a transcript of the evidentiary hearing conducted by the magistrate judge.  The findings and conclusions of the magistrate judge as set forth in his original recommendation are adopted by the court.  Defendant's motion to vacate is denied.

The unfortunately long development of the instant motion is detailed in the court docket and appropriately summarized in the magistrate judge's recommendation.  Although defendant waived his appeal rights, his plea agreement reserved the right to raise collateral issues having to do with the voluntariness of his plea and ineffective assistance of counsel.  Defendant has raised issues which were reserved to him in his plea agreement:  namely, the voluntariness of his plea and the alleged ineffectiveness of assistance of trial counsel.

<u>Voluntariness of Plea Agreement</u>

The court expressly adopts the magistrate judge's findings of fact as regards the plea agreement.[6]  Beginning at page 22 of the

---

[3]Initial Report and Recommendation, Docket No. 1323.

[4]Docket No. 1326.

[5]Final Report and Recommendation, Docket No. 1333.

[6]These findings begin at page 4 of the Initial Report and Recommendation, Docket No. 1323.  At page 10, the magistrate
(continued...)

initial recommendation, the magistrate judge discusses at length the appeal waiver/voluntariness of plea contentions made by defendant. The court adopts that discussion as its own. Defendant's contentions are all without legal merit in light of the underlying record that led to the imposition of sentence on defendant.

Focusing on what appears to be the centerpiece of defendant's contentions about his plea agreement and the voluntariness of his plea, the court specifically concludes that there was not a breach of the terms of the plea agreement as a result of the court's denial of application of the "safety valve"[7] adjustment which might have been available to defendant for substantial assistance to the Government. The Government did not commit to sponsoring a substantial assistance motion which might have led to application of the Guidelines "safety valve". Quite the contrary, the plea agreement and the court's colloquy with the defendant made it clear

---

[6](...continued)
judge's discussion of the colloquy between the court and defendant at his change of plea hearing erroneously states that:

> Mr. Batista was asked if he understood that if the government decides in good faith that he is entitled to such a departure and therefore makes no departure motion he (the defendant) would not be in a position to withdraw a plea of guilty simply because the government does not make a motion for departure.

This statement omits the critical word "not" preceding the word "entitled". See Transcript, Change of Plea Proceedings, at 12, ln. 23, Docket No. 1109.

[7]U.S.S.C. § 5C1.2.

that there was no such commitment.  The Government did not violate the terms of the plea agreement.

### Ineffective Assistance of Counsel

Turning to the question of defendant's contention of ineffective assistance of counsel, the assigned magistrate judge made findings of fact on the basis of an evidentiary hearing.[8] Based upon its review of the evidentiary hearing transcript, the court adopts the magistrate judge's findings.  Defendant's testimony that he requested trial counsel to file a notice of appeal is not credible.  The court is entirely satisfied that defendant and trial counsel were able to communicate with one another meaningfully in English.  They met after defendant was sentenced.  The court is convinced, and so finds, that trial counsel would surely have filed a notice of appeal had defendant made that request.

The magistrate judge's recommendation sets forth the legal standards for claims of ineffective assistance of counsel.[9]  The court concludes that trial counsel's performance was not deficient under Strickland.  Strickland v. Washington, 466 U.S. 668 (1984). Trial counsel did not fail to follow the defendant's express instructions with respect to an appeal.  Here, defendant gave no such instruction nor did he communicate to trial counsel his

---

[8]Initial Report and Recommendation at 15-22, Docket No. 1323.

[9]Id.  This discussion begins at page 32 of the Initial Report and Recommendation.

professed "intention" that an appeal be taken.[10] The court is convinced that trial counsel would have filed a notice of appeal on defendant's behalf, even if he believed it was without merit, had he been requested to do so. Defendant's claim of ineffective assistance of counsel is not proved.

## Conclusion

Defendant's motion to set aside or vacate his sentence is denied.

DATED at Anchorage, Alaska, this <u>19th</u> day of October, 2007.

/s/ H. Russel Holland
United States District Judge

---

[10]Transcript, Evidentiary Hearing, at 34, ln. 6, Docket No. 1320.

- 5 -