G. Blair McCune
Attorney at Law
425 G St., Suite 620
Anchorage, Alaska  99501-2137
Tel. (907) 644-8568
Fax (907) 644-9008
E-mail: mccune@gci.net

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>SANTO BATISTA,  )<br>  )<br>  Defendant.  )<br>_____) | Case No. 3:02-cr-00103-31 HRH-JDR<br><br>**MOTION FOR CERTIFICATE<br>OF APPEALABILITY** |

      Defendant, Santo Batista, by counsel G. Blair McCune, Attorney at Law, moves this court to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).  In conjunction with this motion, Mr. Batista is also filing a notice of appeal from the final judgment dismissing his application for post-conviction relief pursuant to 28 U.S.C. § 2255.

**I.  CERTIFICATE OF APPEALABILITY STANDARDS**

      Under Fed. R. App. P. 22(b), if an applicant in a 28 U.S.C. § 2255 proceeding and "files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue."  Based on the following argument and authority, Mr. Batista respectfully requests that this court issue a

certificate of appealability.

Mr. Batista acknowledges that the standards for issuing a certificate of appealability are high. Under 28 U.S.C. § 2253(c)(2) a certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." Although the language of 28 U.S.C. § 2253 is not entirely clear on this matter, district court judges do have authority to issue certificates of appealability. *United States v. Asrar*, 116 F.3d 1268 (9th Cir. 1997).

## II. GROUNDS FOR ISSUING A CERTIFICATE OF APPEALABILITY

Undersigned counsel moves for a certificate of appealability on behalf of Mr. Batista only on the ineffective assistance of counsel ground addressed in this court's Order denying Mr. Batista's motion to set aside or vacate sentence. (Docket No. 1340 at 4-5, hereafter "Order") As has been done consistently throughout this case,[1] only the issue of ineffective assistance of counsel in failing to file a notice of appeal will be addressed.

There is no question that Mr. Batista has asserted the denial of a constitutional right. Effective assistance of counsel is guaranteed by the sixth amendment to the United States Constitution. In particular, as set out in *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029 (2000), the Court recognized that a criminal defendant's attorney can be "constitutionally ineffective for failing to file a notice of appeal." *Id.*, 528 U.S. at 477, 120 S.Ct. at 1034. The question raised in this motion is whether Mr. Batista has made a "substantial showing" of the denial of that right.

There are two important factors which differentiate ineffective assistance

---

[1] *See* Amended Petition of Defendant, Docket No. 1205 at 3-5; Opening Brief of Defendant,

claims based on failing to file a notice of appeal from most other ineffective assistance claims. The first factor is that the defendant bears no burden to disprove any tactical or strategic reason for defense counsel's actions. As the Court noted in *Roe v. Flores-Ortega*, failing to file a notice of appeal leads not to a "proceeding of disputed reliability, but rather to the forfeiture of the proceeding itself." *Id.*, 528 U.S. at 483, 120 S.Ct. at 1038. Therefore, the Court did not apply the "presumption of reliability" normally applied in ineffective assistance of counsel cases. *Id.*

The second factor is that the decision to appeal is a matter that "rests with the defendant." *Roe v. Flores-Ortega*, 528 U.S. at 479, 120 S.Ct. at 1035. Rule 1.2(a) of the Alaska Professional Conduct Rules also recognizes that the decision to appeal rests with the defendant. The rule provides that a criminal defendant has the final decision on four matters: 1) as to a plea to be entered; 2) whether to waive jury trial; 3) whether the client will testify; and 4) "whether to take an appeal." Rule 1.2(a) recognizes that these decisions should only be reached "after consultation with the lawyer." But the rule also recognizes that, ultimately, a lawyer "shall abide by the client's decision" in these areas. Based on the fact that the ultimate decision of whether or not to take an appeal rests with the client, the Court in *Roe v. Flores-Ortega* noted that failing to file a notice of appeal when instructed to do so by a client is not a "strategic decision." Instead, it is a failure to perform a "purely ministerial task." *Id.*, 528 U.S. at 483, 120 S.Ct. at 1038.

With this background in mind, Mr. Batista will show why he believes he made a "substantial showing" of ineffective assistance of counsel. First, Mr. Batista must

---

Docket No. 1252 at 5-10.

acknowledge that this court made a factual finding that he did not "instruct" his former attorney to file a notice of appeal. (Order at 4-5) But in *Roe v. Flores-Ortega*, the Court held that ineffective assistance of counsel can be established if Mr. Batista's former attorney failed to "consult" with Mr. Batista about taking an appeal in certain situations. *Id.*, 528 U.S. at 477, 120 S.Ct. at 1035

In *Roe v. Flores-Ortega*, the Court noted that it has long been held that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.*, 528 U.S. at 477, 120 S.Ct. at 1035 (citation omitted). But the issue before the Court in that case was whether an attorney has a duty to consult with client about filing a notice of appeal in the absence of specific instructions. *Id.*, 528 U.S. at 478, 120 S.Ct. at 1035. The Court held that the duty to consult arose in two situations:

> ... when there is reason to think either (1) that a rational defendant would want to appeal (for example because there are nonfrivolous grounds to appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id.*, 528 U.S. at 478, 120 S.Ct. at 1035.

As far as the first situation is concerned, Mr. Batista must acknowledge that this court found that Mr. Batista waived his right to appeal in the plea agreement and that Mr. Batista understood the waiver. (Order at 4; Initial Recommendation (Docket No. 1323, hereafter "Recommendation") at 17-18) Under the circumstances, Mr. Batista does not claim in this motion that he has made a substantial showing his former attorney would have reason to think "a rational defendant would want to appeal." However, he does assert that the

second situation applies to the present case. Mr. Batista claims that he "reasonably demonstrated" to his former attorney that he was "interested in appealing."

This court noted the "unfortunately long development" of this motion in the Order. *Id.* at 2. But Mr. Batista believes strongly that extensive briefing and an evidentiary hearing were necessary. As noted above, there are only four decisions in any criminal case that are left to a client. If an attorney's file records nothing else, it should record that a criminal defendant was consulted about these four basic decisions. The file should also show that the defendant was informed that the decision was the defendant's to make and what decision the defendant ultimately reached.[2] In the present case, the former attorney had no recollection of consulting with Mr. Batista about whether to file an appeal. (Recommendation at 17) Moreover, the former attorney could not cite to a letter, memorandum, or even a handwritten note recording a consultation with and a decision by Mr. Batista about his appellate rights.

This unfortunate situation resulted in a hearing at which conflicting testimony was given about a key meeting between Mr. Batista and his former attorney shortly after sentencing. Mr. Batista stated he instructed the attorney to file an appeal at this meeting. Although the former attorney did not remember (or make a note of) what happened, this court found that the attorney would have filed an appeal if he had been instructed to do so based on his "practice" in previous cases. (Order at 4; Recommendation 16-17) This court

---

[2] The Alaska courts, confronted with extensive litigation on a criminal defendant's right to testify at trial, adopted a rule of court obligating the trial judge to advise the defendant on the record that the defendant has the "right to choose to testify or remain silent" and to record what decision the defendant made. Alaska Criminal Rule 27.1; *see, e.g., Pitka v. State*, 995 P.2d 677 (Alaska App. 2000).

*U.S. v. Santo Batista*            Page 5
3:02-cr-0103-31-HRH
*Mot. for Cert. of Appealability*

also found that that Mr. Batista's testimony that he let the former attorney know of his "intention to appeal" was not credible.  (Order at 4; Recommendation 16)

But Mr. Batista did not bear the burden of proving he "instructed" his attorney to file an appeal or that he let the attorney know of his "intention to appeal."  All Mr. Batista had to show, as set out in *Roe v. Flores-Ortega* above, is that a competent attorney would have "reason to think" that Mr. Batista "reasonably demonstrated to counsel that he was interested in appealing."

This court did not find that Mr. Batista's former attorney consulted with him about filing a notice of appeal.  Although this court did find that Mr. Batista did not instruct the attorney to file the appeal, the duty of consultation is the basis of the ineffective assistance of counsel claim Mr. Batista relies on in this motion.  Mr. Batista contends that he did make a substantial showing that he reasonably demonstrated his interest in appealing to his former attorney.  This showing in turn triggered the duty of consultation.  Because no consultation was done, Mr. Batista's right to effective assistance under the sixth amendment was violated.

### III.  CONCLUSION

Mr. Batista respectfully requests that this court issue a certificate of appealability permitting him to appeal the denial of his 28 U.S.C. § 2255 motion to the United States Court Of Appeals for the Ninth Circuit.

DATED at Anchorage, Alaska October 29, 2007.

RESPECTFULLY SUBMITTED,

> \_\_\_\_s/ G. Blair McCune\_\_\_\_\_
> G. BLAIR McCUNE
> Attorney for Defendant
> 425 G St., Suite 620
> Anchorage, Alaska  99501-2137
> Tel. (907) 644-8568
> Fax (907) 644-9008
> E-mail: mccune@gci.net
> Alaska Bar No. 7906037

Certification

I certify that on October 29, 2007 a copy of the foregoing
**MOTION FOR CERTIFICATE OF APPEALABILITY**
was served electronically on:

Mr. Thomas C. Bradley
Assistant United States Attorney


\_\_\_\_s/ G. Blair McCune_____
G. Blair McCune