IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
UNITED STATES OF AMERICA,        )
                                 )
                  Plaintiff,     )
                                 )
     vs.                         )
                                 )
VICENTE ZAPATA, et al.,          )
                                 )
                  Defendants.    )
_____)
                                 )   No. 3:02-cr-0103-HRH
This Order pertains to:          )
                                 )
SANTO BATISTA,         [D-31]    )
_____)
```

O R D E R

Motion for Certificate of Appealability[1]

Defendant Batista moves for the issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

By order of October 2, 2007,[2] the court denied defendant's motion to set aside or vacate his sentence pursuant to 28 U.S.C. § 2255. Defendant has filed a notice of appeal[3] from the judgment[4] entered pursuant to the foregoing order.

---

[1]Docket No. 1342.

[2]Docket No. 1340.

[3]Docket No. 1343.

[4]Docket No. 1341.

- 1 -

There is no question but that defendant has asserted the denial of a constitutional right: effective assistance of counsel. The question before the court at this time is whether or not defendant has made a substantial showing of a denial of that right.[5] As argued by defendant, there is no question but that the matter of whether or not an appeal should be taken is a decision reserved exclusively for the defendant. Defendant now appears to concede that he did not direct, demand, or otherwise explicitly convey to trial counsel a desire that an appeal be taken. The question here is whether or not trial counsel should have understood that defendant intended that an appeal be taken, even though defendant had expressly given up his right to appeal in a written plea agreement.

Having considered <u>de novo</u> all of the evidence received by the assigned magistrate judge, the court found that trial counsel would surely have filed a notice of appeal had defendant made such a request. More specifically, the court found that defendant was able to communicate with trial counsel, and that he had failed to communicate to trial counsel his professed "intention" that an appeal be taken. Without expressly using the words that appeal counsel cites, the court has found that defendant did not "reasonably demonstrate to counsel that he was interested in appealing." <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 488 (2000).

---

[5] In defendant's motion to vacate, he also raised a question as to the voluntariness of his plea of guilty, but that point has been abandoned for purposes of appeal.

Under the foregoing circumstances, and because the court has also found that defendant's testimony as regards his "intention" to appeal is not credible,[6] the court now concludes that defendant has not made a substantial showing of a denial of his constitutional right to effective assistance of counsel.

The motion for certificate of appealability is denied.

DATED at Anchorage, Alaska, this <u>1st</u> day of November, 2007.

>                              /s/ H. Russel Holland
>                              United States District Judge

---

[6]Order Denying Motion to Vacate at 4 (Oct. 22, 2007), Docket No. 1340.